KLIEBERT, Judge.
The plaintiff, Joseph E. Cain (hereafter Cain), on March 3, 1978, while in the course and scope of his employment with Schweg-mann Brothers Giant Super Markets, Inc. (hereafter Schwegmann), sustained an injury to his right hand and wrist. Schweg-mann paid Cain workmen’s compensation benefits of $90.04 per week from March 3, 1978 to March 31, 1978. Two weeks after the compensation benefits were terminated, Dr. Iteld, an internist, forwarded to Schwegmann a report stating Cain was unable to return to work. Schwegmann did not recommence compensation payments but made an offer to pay eight additional weeks of benefits. Plaintiff refused the offer.
Cain brought this suit alleging total disability and praying for compensation benefits, plus penalties and attorney fees. Schwegmann filed a general denial. The litigants stipulated into evidence (1) the Fisher-Rabin Medical Center’s final report dated April 14, 1978; (2) the medical report of Dr. Mímeles, an orthopedist, dated March 21, 1978; (3) the report of Dr. James Williams, an orthopedist, dated May 22, 1978; (4) the report of nerve conduction study of Dr. Richard Palmer, neurologist, dated May 30 and May 31, 1978; (5) the deposition of Dr. Bruce Iteld, dated September 3, 1980; (6) the medical report of Dr. John Fisher, psychiatrist, dated June 26, 1978, and (7) the medical report of Dr. Kenneth E. Vogel, neurologist, dated August 29, 1979. Plaintiff was the only witness who testified at the trial.
From the inception of the injury to the time of trial, plaintiff complained of a numbness and tingling in the right hand. The March 21, 1978 report of Dr. Mímeles, orthopedist, said:
“He complained of numbness into the right hand primarily in the media nerve distribution. There were no objective findings and no swelling in and about the right wrist. He did complain of pain on motion; however, the most dramatic complaint was the numbness.”
Dr. Mimeles sent Cain back to Fisher-Rabin for continued therapy but said:
“... I do not anticipate any long range problems ...”
The May 22, 1978, orthopedic report of Dr. James T. Williams concluded with the following opinion:
“Examination of Joseph E. Caines does not reveal any orthopaedic evidence of injury or disability which would explain the patient’s complaints. In view of the complaints of numbness and paresthesia in his hand, I would recommend a neurological consultation to include nerve conduction studies.”
This was done and on May 31, 1978, Dr. Palmer reported:
“. .. He (Cain) complains of numbness and tingling in his first, third, fourth and fifth fingers. This numbness and tingling is also present in the palm, and he has pain radiating up the volar aspect of his forearm.
On physical examination, he had either weakness or splinting of all the muscles of his right hand. There was no atrophy. None of the nerves exhibited Tinel’s sign on percussion. He had generalized numbness to pinprick on his right hand. I performed a nerve conduction study and EMG on May 30, 1978. It was normal. *862 My impression is that Mr. Cain has no nerve damage or any other neurological disease.”
Another neurologist, Dr. Kenneth E. Vogel, examined Cain on August 29, 1979 and reported as follows:
“I do not find evidence of an organic neurologic deficit.”
Dr. Iteld, an internist, and the primary treating physician, first saw Cain on March 24, 1978. With respect to this visit he stated:
“Basically what happened, he had resistance to rotation, extension and flexion. Here again, that is not totally objective. Subjectively we had major problems with the motion of the Wrist, and I thought significant decrease in grip.
In other words, the strength of the wrist. Here again, I am not — you know, there would be no 100 percent foolproof way to know whether that is subjective or objective.”
The trial judge made the following conclusion:
“The Court was fortunate enough to have eyewitnessed the demeanor of the plaintiff as he testified at the trial of this matter. This 21-22 year old male has obvious psychological problems, considering the rambling nature of his testimony and the depiction of auditory and visual hallucinations which he relayed to the Court. Accordingly, the Court sadly, but appropriately, dismisses the testimony of plaintiff and relies exclusively on the record and stipulations therein.
The Court is cognizant of the holdings of other cases which stand for the proposition that ‘one takes the victim as he finds him’. The Court feels, however, that although there were latent psychological problems which were manifesting themselves during plaintiffs employment with Schwegmann, they did not come to the fore until well after the incident at bar.
The Court is, therefore, reluctant to associate the defendant with the plaintiff’s present, obvious inability to maintain gainful employment, said inability being more attributable to mental rather than physical problems which were not job-related. Accordingly, the Court declines to declare Cain totally and permanently disabled because of the on-job trauma.
However, the Court does not intend to minimize the physical ailments that Cain suffers. It is convinced that the young man suffers numbness in his hand, as evidenced by pinpricking testing of the orthopod and neurosurgeon. Accordingly, the Court finds he has sustained a partial disability, which permits the award of compensation benefits as scheduled under LSA-R.S. 23:1221(4)(e). [i.e., 66%% wages during 150 weeks].
The Court finds a genuine dispute existed herein which justified Schwegmann’s termination of workmen’s compensation benefits until judicial determination of entitlement to same was rendered. Accordingly, the Court declines an award of statutory penalties and attorney’s fees, but does award plaintiff the reimbursement of unpaid medical bills introduced into evidence herein.”
We cannot say the trial judge committed manifest error in his findings of fact in his rulings. Accordingly, his judgment is affirmed. All costs to be borne by the defendant.
AFFIRMED.